IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRENDA BARRIOS,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | **CIVIL ACTION NO. 3:24-cv-00487** |
| **LIBERTY MUTUAL PERSONAL INSURANC COMPANY,** | § § § § | |
| Defendant. | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a) and Local Rule CV-81(a), Defendant Liberty Mutual Personal Insurance Company ("Defendant") files this Notice of Removal, hereby removing this action from the 192nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Brenda Barrios ("Plaintiff") and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of its Notice of Removal, Defendant respectfully shows the Court as follows:

## I.
## INTRODUCTION

This lawsuit arises out of Plaintiff's claim for storm damage to residential property located at 1012 Hilltop Dr, Irving, Texas, 75060 under a homeowners insurance policy issued by Defendant. In her Original Petition, Plaintiff asserts claims against Defendant arising out of Defendant's handling of Plaintiff's insurance claim.

On January 12, 2024, Plaintiff filed her Original Petition in the 192nd Judicial District Court of Dallas County, Texas. Defendant was served with a citation and a copy of Plaintiff's Original Petition on January 30, 2024 through its registered agent for service of process.

---
**DEFENDANT'S NOTICE OF REMOVAL** Page 1

Accordingly, this Notice of Removal is being filed within thirty (30) days of service of Plaintiff's Original Petition on Defendant and is thus timely filed under 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

A. **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties.[1] Plaintiff is an individual domiciled in Dallas County, Texas.[2] In addition, Plaintiff owns the subject Property in Dallas, County, Texas.[3] Thus, for diversity purposes, Plaintiff is a citizen of Texas. Defendant Liberty Mutual Personal Insurance Company is a corporation organized under the laws of the State of New Hampshire with its principal place of business in Boston Massachusetts. For diversity purposes, Defendant is a citizen of both New Hampshire and Massachusetts. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

B. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint.[4] Plaintiff has specifically pled in her original complaint that she is "seeking monetary relief of $250,000.00 or less including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys' fees."[5]

Defendant can also carry its burden by demonstrating that the amount in controversy exceeds $75,000.00 by setting forth the facts in the removal petition. "[T]he [C]ourt may rely on

---

[1] *See* 28 U.S.C. § 1332(a).

[2] *See* Plaintiff's Original Petition, Exhibit C, ¶ 2.

[3] *See* Exhibit D.

[4] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

[5] *See* Plaintiff's Original Petition, Exhibit C,. at ¶ 4.

summary judgment-type evidence to ascertain the amount in controversy."[6] One such type of summary judgment evidence is a pre-suit demand letter.[7]

On September 19, 2023, Plaintiff served Defendant with a pre-suit notice letter pursuant to the Texas Insurance Code in which she alleges that if Liberty fails to resolve the claim pre-suit, then Plaintiff's pre-suit demand of $33,325.96 in alleged actual damages "will be withdrawn and the new demand after suit is commenced will be $102,977.88 (3x demand) which will include damages for bad faith, violations of the insurance code, as well as attorney fees and interest."[8] Plaintiff's demand letter further states that in the event of litigation, the actual damages sought "may be adjusted upward to reflect any additional damages and Ms. Barrios will seek treble damages under the Texas Insurance Code, all punitive and exemplary damages as may be found and attorneys' fees."[9] This matter is currently in litigation and Plaintiff's Original Petition states that Plaintiff is seeking three times her actual damages for Defendant's alleged knowing violation of the Texas Insurance Code, as well as punitive interest, exemplary damages and damages for emotional distress.[10] The amount of Plaintiff's alleged actual damages trebled totals $102,977.88. Plaintiff's pre-suit notice and Original Petition thus establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## III.
## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 81.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet, and Defendant's Certificate of

---

[6] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation marks omitted).

[7] *Gutierrez v. Allstate Texas Lloyd's*, 2017 WL 3274358, at *2 (S.D. Tex. Jan. 1, 2017).

[8] *See* Exhibit E.

[9] *Id.*

[10] *See* Exhibit C, ¶¶ 58- 67.

Interested Persons that comply with Local Rules 3.1(c), 7.4, and 81.2.  Additionally, the following exhibits are attached:

- **Exhibit A**: Index of all documents filed in the state court action;
- **Exhibit B**: Dallas County Civil Case Information Sheet;
- **Exhibits C through C-3:** A copy of each pleading filed in the state court action;
- **Exhibit D:**  Dallas County Appraisal listing identifying Plaintiff as the owner of the subject Property; and
- **Exhibit E:**  Plaintiff's Pre-Suit Demand Letter

Pursuant to Section 28 U.S.C. §1446(d), Defendant will serve written notice of the filing of this Notice of Removal on Plaintiff and will file a true and correct copy of this Notice of Removal with the court clerk of the 192nd Judicial District Court of Dallas County, Texas, promptly after the filing of same.

## IV.
## REQUEST FOR RELIEF

Wherefore, Defendant Liberty Mutual Personal Insurance Company respectfully requests that the above-styled action now pending in the 192nd Judicial District Court of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division. Defendant requests all such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Colin Batchelor*
COLIN BATCHELOR
State Bar No. 24043545
JOHALI MUZALIWA
State Bar No. 24092881

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail: colin.batchelor@tb-llp.com
johali.muzaliwa@tb-llp.com

**ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

In accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on February 29, 2024, a true and correct copy of the above and foregoing instrument was served *via electronic service* upon:

**ATTORNEYS FOR PLAINTIFF**
Katherine C. Hairfield
Shaun W. Hodge
The Hodge Law Firm, PLLC
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
khairfield@hodgefirm.com
shodge@hodgefirm.com

*/s/ Colin Batchelor*
COLIN BATCHELOR